I,THIBODEAUX, Judge.
Ruby Porter, as usufructuary, and Virginia Porter Lafferty, as naked owner, brought an eviction suit against Carl Les *1125 ter Miller. The trial court found that Mr. Miller had faded to make timely lease payments thereby giving Ms. Porter and Ms. Lafferty just cause to terminate the agricultural lease agreement. We find that judicial control of leases is applicable in this case and that untimely payment of the rent does not require the termination of the lease. We therefore reverse.
I.

ISSUE

Carl Lester Miller raises two issues for our consideration:
(1) whether the annual payments due under the lease agreement were timely; and,
(2) whether the trial court’s judgment terminating the lease agreement was just and proper under the circumstances.
II.

ACTS AND PROCEDURAL HISTORY

The subject of this suit is an agricultural lease that was originally between Raymond Porter and Clinton Jester, the lessors, and Carl Lester Miller, the lessee. The lease was drawn up by Mr. Miller’s attorney at Mr. Miller’s request. It was executed by Mr. Porter on May 15, 1996, by Mr. Jester on June 6, 1996, and by Mr. Miller on June 25,1996. The lease provided that the lessee would not pay rent for the first two years and then owe $5.00 per acre per year for the third, fourth and fifth years of the lease. The section of the lease agreement pertaining to the date the 12annual payments were due and the place where the annual payments were to be made, Provision 4(b), was left blank. Specifically, Provision 4(b) reads as follows:
(b) for the third fourth and fifth year of this lease, LESSEE will pay to LESSOR the amount of $5.00 per acre per year as the rental rate under the provision of this lease. Said payments are to be made no later than the_day of _ of each year, and are to be made by mailing same to the following address_LESSOR agrees to give written notice to LESSEE by certified mail should the address for payment be changed.
Because this provision was left uncompleted by the parties, it is effectively no guidance at all on when the rent is due. There is no ambiguity; there simply is a nonexistence of a provision.
The lease itself, containing two contradictory provisions, is ambiguous as to its date of commencement. That is, the lease both explicitly states that the date of commencement is to be June 1,1996, to continue for ten years, and provides that the term of the lease is to be for a period of ten (10) years from the date of its execution, that is, June 25,1996.
Mr. Miller made the first annual payment on June 22, 1998, by mailing a check for the annual rental amount of $515.00 to Mr. Raymond Porter. The check was cashed. Unbeknownst to Mr. Miller, Mr. Porter died on January 28, 1999. Mr. Miller made the second annual lease payment on June 14, 1999. Five months later an attorney representing Ruby Porter, Mr. Porter’s widow, and Ms. Lafferty, Mr. Porter’s heir, returned the check to Mr. Miller along with a letter terminating the lease for failure to timely pay the annual rental amount. Mr. Miller sent another check in the same amount but made the check out to Ms. Porter. This check was also returned. Mr. Miller believed he had made the payments on a timely basis and refused to ' vacate |3the premises. Ms. Porter and Ms. Lafferty then filed a rule to evict Mr. Miller from the premises.
*1126 The trial court found that the 1999 rental payment was not made in a timely fashion, having been made on June 14, 1999. This, according to the court, was enough to warrant cancellation of the lease agreement. The court then ordered that the lease agreement be canceled effective as of September 27, 2000, and cast Mr. Miller with all costs of court. The court then ordered that Mr. Miller vacate the premises within twenty-four hours. Mr. Miller appeals from this judgment.
III.

LAW AND ARGUMENT

Standard of Review
Appellate courts apply the following standard of review when interpreting contracts:
Where factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed unless manifest error is shown. However, when appellate review is not premised upon any factual findings made at the trial level, but is, instead, based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. In such cases, appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect.
Evangeline Parish Sch. Bd. v. Energy Contracting Servs. Inc., 617 So.2d 1259, 1265 (La.App. 3 Cir.), writ denied, 624 So.2d 1228 (La.1993) (quoting Borden, Inc. v. Gulf States Utilities Co., 543 So.2d 924, 928 (La.App. 1 Cir.), writ denied, 545 So.2d 1041 (La.1989)). This case concerns the interpretation of a contract with two contradictory provisions. Therefore, the manifest error rule does not apply.
| /Timeliness of the Lease Payments
The trial court held that the rent was due on June 1, 1999, and consequently that Mr. Miller’s payment of June 14,1999, was not made in a timely fashion. The court based its ruling on the fact that the lease specifically provided that the term of the lease was to be from June 1 to May 31.
The trial court rejected Mr. Miller’s argument that the rent was not due until June 25, 1996, the date of the lease’s execution. The court found that, although the lease was not valid until signed by all the parties, that is, on June 25, 1996, upon being signed, it was retroactive to the date of June 1, 1996. The court’s reasoning was that ambiguous provisions in a contract must be interpreted against the party who authored it. Customarily, it is the lessor who writes the contract and thus the lease would be interpreted in favor of the lessee. Here, however, Mr. Miller had an attorney draft the lease. The court thus found that Mr. Miller was responsible for its contradictory provisions and the lease was interpreted in favor of the lessors, Ms. Porter and Ms. Lafferty.
Termination of the Lease Agreement
The law is well settled that the lessee may be expelled from the property if he fails to pay the rent when it becomes due. La. Civ. Code art. 2712. Therefore, upon finding that rent has not been paid on a particular due date, a trial court is in fact legally correct in cancellation of the lease agreement and order of eviction.
However, there are cogent principles that militate against a cancellation of the lease in this case. The cancellation of leases is not favored in Louisiana law. Ergon, Inc. v. Allen, 593 So.2d 438 (La.App. 2 Cir.1992). A lessor’s right to dissolve a lease upon the lessee’s failure to pay rent timely is subject to judicial control [..¡according to the circumstances. Id. A lessee’s failure to pay rent timely does not automatically require the termination of the lease. Plunkett v. D & L Family *1127 Pharmacy, Inc., 562 So.2d 1048 (La.App. 3 Cir.1990).
Cases which have applied judicial control of leases generally involve circumstances where a lessee has made a good faith error and acted reasonably to correct it. Ergon, Inc. v. Allen, 593 So.2d 438 (La.App. 2 Cir.1992). Louisiana courts are vested with the discretion in certain circumstances to decline to grant a lessor cancellation of a lease although such right is otherwise available to him or her. Martin Timber Co., Inc. v. Pegues, 30,361 (La.App. 2 Cir. 7/06/98), 715 So.2d 728; 98-2124 (La. 12/11/98); 729 So.2d 590. For example, in Ergon, the Second Circuit found a trial court properly denied the termination of a lease where the lessee had failed to realize for approximately ten months that it had not paid the rent, had not mailed the rent check until it received the lessor’s eviction letter, and had failed to pay rent timely on a prior occasion. Ergon, 593 So.2d 438. Ergon, the lessee, used the land in its natural gas business and had leased the land for the sum of $350.00 per year. The appeals court found it significant that Allen, the lessor, did not demand the past due rent and give Ergon an opportunity to pay before taking action to terminate the lease and pursue eviction. Id. Further, Ergon had attempted in good faith to correct its mistake by tendering the rent immediately when notified of its delinquency. Id. The appellate court upheld the trial court’s application of the doctrine of judicial control of leases based on the unusual circumstances involved, including the overwhelming affects on Ergon, the royalty owners and the consumers, against Allen’s loss of $350.00 in annual rent.
Here, as well, unusual circumstances are present which support judicial control of the lease. Mr. Porter, the original lessor, is now deceased. Under ^Louisiana law, heirs of a lessor and lessee are bound by a contract for lease. La.Civ.Code art. 2731. We cannot know of Mr. Porter’s intent with regard to the date the rent was due. However, Mr. Porter did not take any action or notify Mr. Miller in 1998 that the rent had been paid in an untimely fashion. In fact, Mr. Miller paid the 1998 rent a full week later than the 1999 rent. Additionally, Ms. Porter and Ms. Lafferty took no action on the untimely payment for a full five months. Had timely payment of this amount been of serious significance to them, they certainly would have acted long before that time.
It also appears that Mr. Miller was in good faith. He mailed the rental payment without receiving any notice from the lessors. It appears he legitimately believed that the rent was due on the anniversary of the date of the lease’s execution for on both occasions he paid the rent prior to this date.
We conclude that the doctrine of judicial control of leases applies in this case. We therefore uphold the continued viability of the lease and decline to affirm its cancellation.
IV.

CONCLUSION

For the above reasons, we reverse the decision of the trial court that the untimely payment of rent warranted cancellation of the lease. Costs of this appeal are assessed to plaintiffs-appellees.
REVERSED AND RENDERED.